IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD DONALD PEPPERS, Petitioner | : <br> : <br> : CIVIL ACTION <br> : |
| vs. | : <br> : NO. 07-CV-3011 <br> : |
| LOUIS S. FOLINO, et al., Respondents | : <br> : <br> : |

**MEMORANDUM OPINION AND ORDER**

GOLDEN, J.                                                                                                                                                 MARCH 22, 2010

Before the Court comes a habeas corpus Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Elizabeth T. Hey. Judge Hey has recommended that the Petition be denied and dismissed because Petitioner's claims are either procedurally defaulted or lack merit. For the reasons set forth below, the objections are overruled. The Court adopts and approves the R & R, and dismisses Petitioner's Petition and Amended Petition for Writ of Habeas Corpus.

**I.     BACKGROUND**

Petitioner identified three grounds for relief in his original Petition. Specifically, he claims: (1) the state appellate court committed error in concluding that a petition for a writ of mandamus, not habeas corpus, was the correct avenue in which to challenge his sentence; (2) the state trial court committed error in imposing a sentence pursuant to a plea agreement that is prohibited by law; and, (3) the state trial court committed error in denying Petitioner the benefits of a negotiated plea agreement. See (Pet. at 9.) Petitioner's Amended Petition, filed after counsel was appointed,

identified an additional ground for relief: that trial court's and trial counsel's failure to inform Petitioner that his state sentence could not run concurrently to a federal sentence rendered the guilty pleas involuntary, unknowing, or unintelligent, and violated due process. See (Am. Pet. at 5.)[1]

Judge Hey concluded that Petitioner's claim for relief based on the state appellate court's conclusion that mandamus, not habeas corpus, was the proper manner in which to attack his sentence was not cognizable because it did not implicate federal law. (R & R at 17.) Judge Hey noted that the state court had never addressed this issue on the merits, and that even if it had, it was a question of state court determination of state law. (R & R at 17.) Federal courts may not delve into state court determinations of state law. (R & R at 17.)

Judge Hey also held that Petitioner's claims that the trial court committed error in imposing a sentence pursuant to a plea agreement prohibited by law, and that the trial court failed to provide Petitioner the benefits of the plea agreement were meritless. In reaching this conclusion, Judge Hey agreed with the state trial and appellate court's holdings that: (1) the plea agreement did not state that Petitioner's state sentence would run concurrently with any federal sentence; (2) the state court had no authority to order Petitioner's state sentence to run concurrently with any federal sentence; and, (3) the trial court Judge's mistaken belief that he could order Petitioner's state sentence to run concurrently with any federal sentence had no impact upon the plea agreement and was harmless error. (R & R at 18-20.) Additionally, Judge Hey noted that, under Pennsylvania law, Petitioner's sentence could not run concurrently with any other state sentences served as a result of a state parole

---

[1] Judge Hey raised mootness as a possible issue, given Petitioner's June 25, 2009 maximum sentence date. It remains necessary and proper for the Court to address this matter. Peppers' release from custody does not render his habeas petition moot because he is challenging his criminal conviction. See Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) (quoting Defoy v. McCullough, 393 F.3d 439, 441-42, 442 n.3 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 818 (3d Cir. 2002)).

violation. (R & R at 20-21.)

Addressing the validity of the guilty plea, Judge Hey reviewed Petitioner's guilty plea de novo. (R & R at 22-23.) In determining that Petitioner's guilty plea was valid, Judge Hey relied upon the written plea colloquy, the written plea agreement itself, and the extensive oral colloquy conducted by the trial court advising Petitioner, inter alia, of the charges against him, the rights he was waiving, the consequences of the plea, the court's ability to reject the plea agreement, and the possible maximum sentence he would be subject to as a result of his plea. (R & R at 24-25.) More specifically, Judge Hey held that, although counsel and the court told Petitioner that his state sentence would run concurrently with any federal sentence, Petitioner was not induced to plead guilty by that promise because neither the written plea agreement nor the guilty plea agreement set forth orally at the trial court proceeding contained such a promise. (R & R at 26-27.) Finally, Judge Hey noted that a logical reading of the record revealed that the parties were mistaken in expecting that the Petitioner's state sentence would run concurrently with a federal sentence. (R & R at 27.) When the state court handed down its sentence, Petitioner was simply not subject to a federal prison sentence at that time, making debate about concurrent sentences irrelevant.[2] See (R & R at 27.)

Lastly, Judge Hey determined that Petitioner's claim for relief based on the ineffective assistance of trial counsel was meritless. Petitioner based his claim on counsel's failure to inform Petitioner that his state sentence could not run concurrently with a federal sentence. As discussed supra, Petitioner's claims do not amount to a violation of due process. Moreover, the ineffective assistance of counsel claim was unexhausted and procedurally defaulted. (R & R at 28-29.)

---

[2] The fact that Petitioner became subject to a federal sentence later does not change the Court's analysis. Petitioner's federal charges bore no relationship to the state charges to which he pled guilty.

Specifically, Judge Hey stated that Petitioner never raised an ineffectiveness claim in the courts. (R & R at 29.) In Petitioner's amended petition, he argues that the state appellate court did address the merits of an ineffectiveness claim when it stated that "'[t]he fact that the sentencing court erred in believing it could order [Petitioner's] state sentence to run concurrently to his federal sentence, and [Petitioner's] guilty plea attorney similarly erred are, unfortunately for [Petitioner], not errors we can correct . . . .'" (R & R at 30) (quoting Pennsylvania v. Peppers, No. 1522 MDA 2004, at 8 (Pa. Super. Ct. Sept. 6, 2005)). Judge Hey noted that the appellate court made that statement "in the context of addressing Petitioner's claim that the Lancaster County plea agreement constituted an enforceable contract between him and [Pennsylvania]." (R & R at 30.) Judge Hey further observed that the appellate court at no time recognized or addressed an ineffectiveness claim. (R & R at 30.)

According to Judge Hey, Petitioner's failure to exhaust his state court remedies is excused in this case, pursuant to 28 U.S.C. § 2254(b)(1), because Petitioner is now time-barred from raising this issue in state court. (R & R at 30.) Judge Hey also found that claims exhausted as a result of a state procedural bar are procedurally defaulted, and may not be considered by a federal court unless the Petitioner demonstrates that "cause and prejudice" or a "fundamental miscarriage of justice" excuse the default. (R & R at 31) (citations omitted). Here, Judge Hey held that Petitioner did not explain his failure to raise his ineffectiveness claim earlier or show prejudice or actual innocence. Thus, he did not demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." (R & R at 31-32.)[3]

---

[3]The Court agrees that the state court adjudications of the issued raised, particularly in light of the foregoing, were neither contrary to nor unreasonable applications of clearly established federal law as determined by the United States Supreme Court. Petitioner's state court Petition is silent as to counsel's

4

## II.  DISCUSSION

Petitioner largely objects to Judge Hey's Report and Recommendation by restating the claims for relief and information included within his amended petition. Petitioner's only contentions that the Court could possibly characterize as new objections are: (1) that Judge Hey's conclusion that Petitioner entered a guilty plea voluntarily, knowingly, and intelligently was erroneous because the Judge neglected to take into account the statements the prosecution and the court made during the guilty plea and sentencing hearings, (Pet. Obj. at 7-10); and (2) that he has established cause and prejudice excusing the default of his ineffective assistance of counsel claim, (Pet. Obj. at 18-19).

The Court holds that Petitioner's first argument is erroneous. It is clear from the report and recommendation that Judge Hey examined the events which culminated in the Petitioner's guilty plea thoroughly and in concert. Moreover, a de novo review of Judge Hey's report and the record corroborates Judge Hey's conclusion that any assurances made to the Petitioner regarding the running of his state sentence concurrent with a federal sentence were predicated upon the Petitioner serving a federal sentence at the time the guilty plea was entered. Petitioner was not serving a federal sentence at that time. Thus, the sentence could not be concurrent; the impossibility of concurrent sentences does not make the guilty plea involuntary, unknowing, or unintelligent.

In addition, the record does not indicate that Petitioner pled guilty because of those assurances. Although, the plea agreement guaranteed that Petitioner's state sentences would run

---

conduct. Moreover, the record clearly shows that Petitioner's state court filings and proceedings focused squarely on the trial court's actions, not on counsel's performance. That the state appellate court briefly mentioned trial counsel does not demonstrate that Petitioner fairly presented an ineffective assistance of counsel claim. Therefore, Petitioner failed to exhaust his ineffective assistance claim in state court. See, e.g., Cruz-Sanchez v. Folino, No. 07-CV-4015, 2008 WL 4078461, at *2 (E.D. Pa. Sept. 2, 2008) (citing Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F.2d 1227, 1231 (3d Cir. 1992)).

concurrently, it made no representations regarding present or future federal sentences. During the plea hearing, Petitioner acknowledged that the plea agreement contained the only inducements to his guilty plea.

Petitioner's second objection is likewise without merit. In essence, Petitioner claims that ineffective assistance of counsel establishes the cause and prejudice showing necessary to excuse procedural default. (Pet. Obj. at 18.) (citing Murray v. Carrier, 477 U.S. 478, 489 (1986)). Although this is true, the Murray Court, addressing a petition that raised ineffective assistance of counsel not as an independent claim for relief, but in support of another federal claim, see 477 U.S. at 483, held that an ineffectiveness claim could not establish cause unless it was first presented to the state courts for independent review. Id. at 489. Here, where the ineffectiveness claim is the basis for relief and is itself defaulted, the Court may not excuse the default unless the Petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Richardson v. Warden, S.C.I. Huntington, 125 Fed. Appx. 395, 399 (quoting Coleman v. Thompson, 501 U.S. 772, 750 (1991)).

In this case, Petitioner has not established the requisite cause necessary to excuse default; he was clearly aware of trial counsel's actions when he filed his initial pro se petition six years after the relevant sentencing, yet fails to explain why he did not raise the ineffectiveness claim in state court. See Mouzon v. Rozum, No. 08-CV-0783, 2009 WL 3734131, at *3 (E.D. Pa. Nov. 5, 2009) ("Cause exists when a petitioner demonstrates 'some objective factor external to the defense impeded efforts to comply with the State's procedural rule.'") (quoting Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004)). Furthermore, Petitioner has not established that he was actually prejudiced or suffered

6

a fundamental miscarriage of justice. The record indicates that he did not plead guilty as a result of an assurance that his sentence would run concurrently with a federal sentence; neither the written plea agreement nor the terms of the plea agreement as set forth at the guilty plea hearing included such a guarantee. Moreover, because Petitioner was not subject to a federal sentence at the time in question, the state sentence's failure to run concurrently with the non-existent federal sentence did not result in injury. See Mouzon, 2009 WL 3734131, at *3 ("Prejudice means that the alleged error worked to the petitioner's actual and substantial disadvantage.") (citing United States v. Rodriguez, 153 F. Supp. 2d 590, 594 (E.D. Pa. 2001)). Finally, Petitioner is not claiming that he is innocent of the crime of which he was convicted. See Richardson, 125 Fed. Appx. at 399 ("[P]etitioner has failed to demonstrate that he is actually innocent, a requirement of the 'fundamental miscarriage of justice' exception to procedural default.") (citing Schlup v. Delo, 513 U.S. 298, 237 (1995)). Thus, Petitioner's ineffective assistance of counsel claim is procedurally defaulted.

### III. CONCLUSION

For the forgoing reasons, the Court will overrule Petitioner's objections and adopt and approve Magistrate Judge Hey's Report & Recommendation.

An appropriate Order follows.